UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS REEDUS,

       Petitioner,

v.                                      CASE NO. 2:12-cv12355
                                       HONORABLE ARTHUR J. TARNOW

DEBRA SCUTT,

       Respondent.
_____/

### ORDER TRANSFERRING THE HABEAS PETITION TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION UNDER 28 U.S.C. § 2244(b)

Petitioner Louis Reedus has filed a *pro se* habeas corpus petition, challenging his state convictions for second-degree murder and felony firearm. Because the habeas petition is an unauthorized "second or successive" petition under 28 U.S.C. § 2244(b), the petition must be transferred to the Federal Court of Appeals for an order authorizing this Court to consider the petition.

### I. Background

In 1990, a jury in the former Recorder's Court for the City of Detroit found Petitioner guilty of second-degree murder and felony firearm. The trial court sentenced Petitioner to two years in prison for the felony firearm conviction and to a consecutive term of thirty-five to seventy years in prison for the murder conviction.

On direct appeal from his convictions, Petitioner claimed, among other things, that he was denied his right to a fair trial by the admission of hearsay evidence. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence in an unpublished

*Reedus v. Scutt*, No. 2:12cv12355

decision, *see People v. Reedus*, No. 127778 (Mich. Ct. App. June 19, 1992), and on December 30, 1992, the Michigan Supreme Court denied leave to appeal. *See People v. Reedus*, 496 N.W.2d 291 (Mich. 1992) (table).

In 1997, Petitioner filed a motion for relief from judgment, raising claims of ineffective assistance of counsel. The trial court denied his motion, and both state appellate courts denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Reedus*, No. 211635 (Mich. Ct. App. Sept. 9, 1999); *People v. Reedus*, 618 N.W.2d 595 (Mich. 2000) (table).

In 2000, Petitioner filed a federal petition for the writ of habeas corpus in this District. He asserted seven grounds for relief, including a claim that he was denied a fair trial due to the admission of hearsay evidence and a claim that he was denied effective assistance of trial counsel due to counsel's conflict of interest arising from the representation of a key prosecution witness. This Court denied the petition in a published decision on November 28, 2001. *See Reedus v. Stegall*, 197 F. Supp. 2d 767 (E.D. Mich. 2001). The Court held that the trial court did not err in admitting the hearsay statement under the present sense impression exception to the hearsay rule and that, even if admission of the hearsay statement violated Petitioner's constitutional rights, the error was harmless. The Court determined that Petitioner's ineffective-assistance-of-counsel claim was procedurally defaulted and also lacked merit. The United States Court of Appeals for the Sixth Circuit affirmed the Court's judgment. *See Reedus v. Stegall*, 79 F.

*Reedus v. Scutt*, No. 2:12cv12355

App'x 93 (6th Cir. 2003).

Petitioner subsequently filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). He argued that the Supreme Court's intervening decisions in *Crawford v. Washington*, 541 U.S. 36 (2004), and *Massaro v. United States*, 538 U.S. 500 (2003), entitled him to relief. The Court denied Petitioner's motion after concluding that *Crawford* was not retroactive on collateral review and that *Massaro* was not applicable to Petitioner's ineffective-assistance-of-counsel claim. Petitioner appealed the Court's decision, but the Court of Appeals for the Sixth Circuit declined to grant a certificate of appealability. *See Reedus v. Stegall*, No. 05-2016 (6th Cir. May 30, 2006) (unpublished). Finally, on May 31, 2012, Petitioner filed the pending habeas corpus petition, which includes a motion for appointment of counsel.[1]

## II. Discussion

In his first habeas claim, Petitioner alleges that his trial attorney operated under a conflict of interest because the attorney was representing a key prosecution witness in an unrelated criminal case at the same time the attorney was representing Petitioner in his murder case. Petitioner raised this same issue in his previous habeas petition. The Court determined that the claim was procedurally defaulted, but that it also lacked merit because

---

[1] Although Petitioner typed the case number for his previous habeas case on the face of his petition, the Clerk of the Court treated his petition as a new case and randomly assigned it to the Honorable Avern Cohn. The case was subsequently reassigned to this Court as a companion case to Petitioner's first habeas case.

3

*Reedus v. Scutt*, No. 2:12cv12355

Petitioner had failed to show that trial counsel had an actual conflict of interest which prejudiced his defense. Petitioner claims that the Court was remiss for failing to hold an evidentiary hearing on his claim and that he is entitled to an evidentiary hearing now to determine the extent of his attorney's conflict of interest.

In his second habeas claim, Petitioner alleges that his right to confront the witnesses against him was violated by the trial court's ruling that the prosecution could admit a hearsay statement. Petitioner also raised this claim in his previous petition. The Court determined that the evidentiary claim was not cognizable on habeas review and that, even if admission of the hearsay statement violated Petitioner's constitutional right to confront the witnesses against him, the error was harmless.

Petitioner seeks an evidentiary hearing on his second claim to determine whether the Court satisfied the first prong of the test set forth in *Ohio v. Roberts*, 448 U.S. 56 (1980), when it analyzed his claim in his previous habeas case. Petitioner also claims that the Court failed to (1) recognize that he had a right to cross-examine a material witness whose statement was used to bind him over for trial and (2) determine whether the hearsay statement was testimonial.

The current habeas petition is a "second or successive" petition because it challenges the same state court judgment that was the subject of Petitioner's previous petition. *See Burton v. Stewart* 549 U.S. 147, 153 (2007) (*per curiam*) (stating that the petitioner's habeas petition was a "second or successive" petition for which he was

4

*Reedus v. Scutt*, No. 2:12cv12355

required to obtain authorization to file because the petition contested the same state court judgment as the first petition). Moreover, Petitioner is raising the same issues that he presented to the Court in his first petition. Because the Court decided the issues on the merits, Petitioner's recent filing is properly deemed a "second or successive" petition. *In re Garner*, 612 F.3d 533, 535 (6th Cir. 2010).

"If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court." *Magwood v. Patterson*, __ U.S. __, __, 130 S. Ct. 2788, 2796 (2010) (citing 28 U.S.C. § 2244(b)(3)(A)).[2] When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from the Court of Appeals, the district court must transfer the document to the Court of Appeals pursuant to 28 U.S.C. § 1631.[3] *In re*

---

[2] Section 2244(b)(3)(A) of Title 28, United States Code, reads:

Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

[3] Section 1631 of Title 28, United States Code, states that,

[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

*Reedus v. Scutt*, No. 2:12cv12355

*Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner has not acquired permission from the Court of Appeals to file a second or successive habeas corpus petition. Accordingly, the Clerk of the Court is ordered to transfer this case to the United States Court of Appeals for the Sixth Circuit as a second or successive petition pursuant to *Sims* and 28 U.S.C. § 1631. The motion for appointment of counsel is denied as moot.

SO ORDERED.

                                        s/Arthur J. Tarnow
                                        ARTHUR J. TARNOW
                                        UNITED STATES DISTRICT JUDGE

Dated: November 29, 2012

---

**CERTIFICATE OF SERVICE**

I hereby certify on November 29, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 29, 2012: **Louis Reedus.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        District Judge Arthur J. Tarnow
                                        (313) 234-5182